UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

KELLY FELTON o/b/o K.D.

        Plaintiff,

      v.                        **REPORT AND RECOMMENDATION**
                                     **09-CV-0538 (LEK)**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,

        Defendant,

## I.    Introduction

In April 2006, Plaintiff, Kelly Felton,[1] on behalf of her minor child, K.D., filed an

application for Supplemental Security Income ("SSI") under the Social Security Act ("the

Act"). Plaintiff alleges K.D. has been disabled since September 1, 2003, due to

emotional impairments, as well as partial left eye blindness. The Commissioner of

Social Security ("Commissioner") denied Plaintiff's application.

Plaintiff, through her attorney, Ms. Jaya Shurtliff, of the Olinsky, Shurtliff Law

Firm, commenced this action on May 6, 2009, by filing a Complaint in the United States

District Court for the Northern District of New York. (Docket No. 1). Plaintiff seeks

judicial review of the Commissioner's decision pursuant to 42 U.S.C. §§ 405 (g) and

1383 (c)(3).

On June 24, 2010, the Honorable Norman A. Mordue, Chief United States

District Judge, referred this case to the undersigned for a Report and Recommendation

pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket No. 18).

---

[1] At the time of the application, Ms. Felton was known as Ms. Driscoll. At some point between the ALJ's decision and filing her complaint, Ms. Driscoll changed her name to Ms. Felton.

## II.    Background

The relevant procedural history may be summarized as follows: Plaintiff initially applied for SSI on April 24, 2006, alleging K.D.'s disability began on September 1, 2003 (R. at 26).[2] Plaintiff alleged disability due to emotional impairments, as well as partial left eye blindness. The application was denied. Id. Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ") (R. at 32). A video hearing was held between Syracuse, New York and Goshen, New York, on July 21, 2008, before ALJ Denis Katz (R. at 402-18). Plaintiff, represented by counsel, appeared and testified (R. at 408-17). K.D. also briefly testified (R. at 407-08). On August 8, 2008, ALJ Katz issued a decision finding K.D. not disabled (R. at 14-25). Plaintiff filed a request for review of that decision (R. at 10). The ALJ's decision became the Commissioner's final decision on April 22, 2009, when the Appeals Council denied Plaintiff's request for review (R. at 4-7).

Plaintiff, through counsel, timely commenced this action on May 6, 2009. (Docket No. 1). The Commissioner interposed an Answer on December 11, 2009. (Docket No. 10). Plaintiff filed a supporting Brief on March 4, 2010. (Docket No. 14). The Commissioner filed a Brief in opposition on April 30, 2010. (Docket No. 17).

Pursuant to General Order No. 18, issued by the Chief District Judge of the Northern District of New York on September 12, 2003, this Court will proceed as if both parties had accompanied their briefs with a motion for judgment on the pleadings.[3]

For the reasons that follow, it is respectfully recommended that the

---

[2] Citations to "R" refer to the Administrative Transcript. (Docket No. 8).
[3] General Order No. 18 provides, in pertinent part, that "[t]he Magistrate Judge will treat the proceeding as if both parties had accompanied their briefs with a motion for judgment on the pleadings."

Commissioner's motion be denied, Plaintiff's motion be granted, and that this case be remanded for further proceedings.

### III.     Discussion

### A.     Legal Standard and Scope of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383 (c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); see Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that

which detracts from its weight." Williams ex rel. Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

A child is deemed disabled under the Act if he has "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §1382c(a)(3)(C)(i). The Commissioner has established the following three-step sequential evaluation to determine whether a child is disabled: first, the ALJ must determine whether the child has engaged in "substantial gainful activity." 20 C.F.R. §416.924(a), (b). If the child has engaged in substantial gainful activity he will be found not disabled. Id. If not, the analysis will continue. At step two, the ALJ must determine whether the child "ha[s] a medically determinable impairment(s) that is severe." §416.924(c). "If [the child] do[es] not have a medically determinable impairment, or [the child's] impairment(s) is a slight abnormality or a combination of slight abnormalities that causes no more than minimal functional limitations, [the ALJ] will find that [the child] do[es] not have a severe impairment(s) and are, therefore, not disabled." Id. Finally, at

4

step three, the ALJ must determine whether the child "meet[s], medically equal[s], or functionally equal[s] the listings." § 416.924(d). To functionally equal the Listings, the ALJ must evaluate six domains: "[a]cquiring and using information; [a]ttending and completing tasks; [i]nteracting and relating with others; [m]oving about and manipulating objections; [c]aring for yourself; and, [h]ealth and physical well-being." § 416.926a(b)(1)(i)-(vi). A child's "impairment(s) is of listing-level severity if [the child] ha[s] 'marked' limitations in two of the domains . . ., or an 'extreme' limitation in one domain." § 416.92a(d).

For the reasons that follow, it is recommended that the matter be remanded for failure to engage in a proper credibility analysis.

**B.    Analysis**

**1.  The Commissioner's Decision**

The ALJ made the following findings with regard to factual information as well as the three-step process set forth above: at step one, the ALJ found that K.D. "ha[d] not engaged in substantial gainful activity at any time relevant to [his] decision" (R. at 17). K.D.'s "attention deficit hyperactivity disorder, oppositional defiant disorder, an expressive language disorder, an adjustment disorder with mixed disturbance [o]f emotions/conduct and partial left eye blindness" were found to be severe impairments. Id. At step three, the ALJ found that K.D. "d[id] not have an impairment or combination of impairments that me[t] or medically equal[ed] one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Id. The ALJ then found that K.D.'s impairments did not either singly, or in combination, functionally equal the Listings. Id. Specifically, the ALJ found that K.D. had less than a marked limitation in the acquiring and using

5

information domain (R. at 19); less than a marked limitation in the attending and completing tasks domain (R. at 20); less than a marked limitation in the interacting and relating with others domain (R. at 22); no limitation in the moving about and manipulating objects domain (R. at 23); no limitation in the ability to care for oneself domain (R. at 24); and less than a marked limitation in the health and physical well-being domain (R. at 24). Ultimately, the ALJ found that K.D. was not under a disability at any time from the date the application was filed, April 24, 2006, through the date of his decision (R. at 25).

### 2. Plaintiff's Claims:

Plaintiff argues that the ALJ's decision is neither supported by substantial evidence nor made in accordance with the applicable legal standards. Specifically, Plaintiff argues that a) the ALJ's credibility analysis is flawed; and b) the ALJ's findings in three of the domains were not supported by substantial evidence. The Court will discuss each argument in turn:

### a) The ALJ's Credibility Analysis is Flawed

Plaintiff argues that the ALJ failed to properly consider the required factors in analyzing credibility. Plaintiff's Brief, pp. 23-24.

In analyzing credibility, the ALJ must first determine whether the claimant has medically determinable impairments, "which could reasonably be expected to produce the pain or other symptoms[4] alleged." 20 C.F.R. § 404.1529(a); Social Security Ruling

---

[4] "Symptoms are [a claimant's] own description of [his] physical or mental impairment." 20 C.F.R. § 416.9289(a). However, as is the case here, "[i]f [the claimant is] a child under age 18 and [is] unable to adequately describe [his] symptom(s), [the ALJ] will accept as a statement of [the child's] symptom(s) the description given by the person who is most familiar with [the claimant], such as a parent, other relative,

96-7p, 1996 WL 374186, at *2 (S.S.A.) [hereinafter SSR 96-7p]. Second, if medically

determinable impairments are shown, then the ALJ must evaluate the intensity,

persistence, and limiting effects of the symptoms to determine the extent to which they

limit the claimant's capacity to work. S.S.R. 96-7p, 1996 WL 374186, at *2; 20 C.F.R. §

404.1529(c).  Because "an individual's symptoms can sometimes suggest a greater

level of severity of impairment than can be shown by the objective medical evidence

alone," SSR. 96-7p, 1996 WL 374186, at *3, an ALJ will consider the factors listed in the

regulations.[5] 20 C.F.R. §§ 416.929(c)(3)(i)-(vii). If the ALJ finds Plaintiff's pain

contentions not credible, he must state his reasons "explicitly and with sufficient

specificity to enable the Court to decide whether there are legitimate reasons for the

ALJ's disbelief." Young v. Astrue, 2008 WL 4518992, at *11 (N.D.N.Y. Sept. 30, 2008)

(quoting Brandon v. Bowen, 666 F.Supp 604, 608 (S.D.N.Y. 1987)).

> The ALJ completed the two-step process by finding

> that the claimant's medically determinable impairments could reasonably
> be expected to produce some of the alleged symptoms; however, the
> statements concerning the intensity, persistence and limiting effects of the
> claimant's symptoms [we]re not consistent with the medical record, which
> indicate[d] that the child d[id] not have an impairment or combination of
> impairments that functionally equal[ed] the listings - as more fully
> discussed below

(R. at 18).

> Throughout the ALJ's decision, the Court located what could be interpreted as a

discussion of two factors: K.D.'s medications and his daily activities (R. at 21). However,

---

or guardian." Id. In this case, the individual offering the statements of K.D.'s symptoms, was his mother, Ms. Felton.

[5] The listed factors are: (i) claimant's daily activities; (ii) location, duration, frequency, and intensity of claimant's symptoms; (iii) precipitating and aggravating factors; (iv) type, dosage, effectiveness, and side effects of any medication taken to relieve symptoms; (v) other treatment received to relieve symptoms; (vi) any measures taken by the claimant to relieve symptoms; and (vii) any other factors concerning claimant's functional limitations and restrictions due to symptoms. 20 C.F.R. §§ 416.929(c)(3)(i)-(vii).

the Court cannot find that the ALJ's discussion of only these two factors is an adequate analysis of credibility.

As to K.D.'s medications, the ALJ noted that K.D.'s treating "physician ha[d] confirmed [K.D.'s] mother['s] testimony that the effective of the medication tend[ed] to lessen during mid-day" (R. at 20-21); see also (R. at 22) (noting that K.D.'s "medication tend[ed] to become less effective as . . . the school day w[ore] on"). However, as acknowledged by the ALJ, K.D.'s mother's testimony was "confirmed" by the treating physician (R. at 20). The consistency between Ms. Felton's testimony and the record should have bolstered her credibility.

The ALJ also considered K.D.'s "testi[mony] that he like[d] to read and play video games. He did not report having difficulties focusing or concentrating while engaging in such activities. Clearly, the child ha[d] a better attention span for those activities which he like[d]. In a non-academic setting, the child's ability to focus [wa]s quite adequate" (R. at 21). Thus, the ALJ appears to have discredited Ms. Felton's testimony because it was inconsistent with K.D.'s daily activities. However, K.D. was not asked, nor did he independently testify, to his ability to concentrate while reading or playing video games. During K.D.'s one page testimony, he stated that he would not be attending summer school and would be reading "[c]hapter books" (R. at 407). Noticeably absent from K.D.'s testimony is any statement concerning the length of time he would be reading, or his ability to focus while reading. K.D. also made no mention of video games, although Ms. Felton testified that playing video games was an activity K.D. enjoyed (R. at 409). Thus, it is unclear how the ALJ arrived at the finding that, based on K.D.'s testimony, "in a non-academic setting, [K.D.'s] ability to focus [wa]s quite adequate" (R. at 21).

The ALJ's failure to engage in any meaningful analysis of the factors in the credibility analysis, amounts to error and necessitates remand. See Gorham v. Astrue, 2008 WL 4030650, at *10 (N.D.N.Y. Aug. 25, 2008) (remanding, in part, because "[t]he ALJ failed to fully discuss many of the factors set forth in the regulations"); Bell v. Astrue, 2008 WL 4936830, at *13 (N.D.N.Y. Nov. 18, 2008) (finding error where "the ALJ discussed [Plaintiff's] daily activities as well as certain medical evidence, [but] disregarded the remaining factors set forth in 20 C.F.R. § 404.1529(c)(3)"). The Court also notes that the ALJ's credibility analysis is further undermined by his improper evaluation of both the medical and non-medical evidence, as discussed below.

Based on the foregoing, the Court recommends remand to allow the ALJ an opportunity to engage in a proper evaluation of the factors in the credibility analysis.

### b) The ALJ's Remaining Findings are Necessarily Flawed

Plaintiff argues that the ALJ erred in finding K.D. had less than marked limitations in the acquiring and using information domain; less than marked limitations in the attending and completing tasks domain; and no limitations in the caring for himself domain. Plaintiff's Brief, pp. 16-23.

The Court has recommended remand for failure to properly complete the credibility analysis. Supra Part III.B.2.a. Thus, the ALJ's findings throughout the sequential evaluation are necessarily flawed as they are based on improper evaluation of the factors in the credibility analysis. However, the Court also notes the following additional errors:

First, the ALJ erroneously failed to weigh any medical opinions. 20 C.F.R. § 416.927(f)(2)(ii) ("Unless the treating source's opinion is given controlling weight, the

administrative law judge must explain in the decision the weight given to the . . .

opinions from treating sources, nontreating sources, and other nonexamining sources . .

. ."); see also 20 C.F.R. § 416.927(d)(1)(-6) (listing the factors[6] the ALJ should consider

when weighing a medical opinions). The ALJ's failure to properly evaluate the various

medical opinions of record hinders the Court's ability to determine whether the ALJ's

decision is supported by substantial evidence. Medical opinions the ALJ failed to weigh

include the following: examining school psychologist, Dr. Barbara Forsstrom-Cohen (R.

at 277-89, 301-04); SSA examining psychologist, Dr. Kristen Barry (R. at 194-98); SSA

examining ophthalmologist, Dr. Stanley Charlamb (R. at 225-30); and SSA non-

examining review physician, Dr. J. Randall (R. at 231-36). The ALJ's failure to weigh

these medical opinions in accordance with the Regulations warrants remand. See

Richardson v. Barnhart, 443 F.Supp.2d 411, 425 (W.D.N.Y. 2006) (finding legal error

where ALJ failed to explain the weight given to the Commissioner's medical

consultants); see also Social Security Ruling 96-6p, 1996 WL 374180 at *2  (S.S.A.)

("Administrative law judges and the Appeals Council are not bound by findings made by

State agency or other program physicians and psychologists, but they may not ignore

these opinions and must explain the weight given to the opinions in their decisions.").

The ALJ also erroneously failed to evaluate the opinions offered by "other

sources."[7] See Social Security Ruling 06-03p, 2006 WL 2329939, at *4 (S.S.A) (The

---

[6] The outlined factors are: (1) whether the source examined the claimant; (2) whether the source had a treatment relationship with the claimant; (3) the supportability of the opinion; (4) the consistency of the opinion "with the record as a whole;" (5) whether the source is a specialist; and (6) any other factors "which tend to support or contradict the opinion." 20 C.F.R. § 416.927(d)(1)-(6).

[7] The Regulations offer the following examples of "other sources:" (1) medical sources not considered acceptable medical sources, such as nurse-practitioners, chiropractors, therapists, and physicians' assistants; (2) educational personnel such as teachers and daycare workers; (3) social welfare agency

factors outlined in 20 C.F.R. § 416.927(d) "represent basic principles that apply to the consideration of all opinions from medical sources who are not 'acceptable medical sources' as well as from 'other sources,' such as teachers and school counselors, who have seen the individual in their professional capacity.")  [hereinafter SSR 06-03p]. The record contains numerous opinions from "other sources," including the following: a speech/language evaluation completed by licensed speech pathologist, Ms. Karen Godlewski (R. at 262-68); a subsequent speech/language evaluation completed by speech-language pathologist, Ms. Nicole Goodeve (R. at 205-07); and an attention deficit hyperactivity disorder ("ADHD") rating questionnaire, completed by IEP service coordinator, Ms. Kate Montrose (R. at 374). The ALJ's failure to evaluate the opinions from "other sources" warrants remand. See Canales v. Comm'r of Soc. Sec., 2010 WL 1140861, at *8 (E.D.N.Y. Mar. 26, 2010) (remanding so the ALJ could "address what weight, if any, is to be given to [social worker]'s opinions, and provide an explanation of that decision that complies with the requirements of SSR 06-03p"); Carlantone v. Astrue, 2009 WL 2043888, at *5 (S.D.N.Y. July 14, 2009) (finding error where the ALJ failed to weigh two chiropractors' opinions).

Therefore, on remand, the ALJ must evaluate all opinions in accordance with 20 C.F.R. § 416.927(d) and SSR 06-03p. Furthermore, remand will offer the ALJ an opportunity to consider the teacher questionnaire submitted to the Appeals Council (R. at 388-95A).

## IV.   Remand

---

personnel; and (4) other non-medical sources, including parents, friends, neighbors, and clergy members. 20 C.F.R. § 416.913(d)(1)-(4).

"Sentence four of Section 405 (g) provides district courts with the authority to affirm, reverse, or modify a decision of the Commissioner 'with or without remanding the case for a rehearing.'" Butts v. Barnhart, 388 F.3d 377, 385 (2d Cir. 2002) (quoting 42 U.S.C. § 405 (g)).  Remand is "appropriate where, due to inconsistencies in the medical evidence and/or significant gaps in the record, further findings would . . . plainly help to assure the proper disposition of [a] claim." Kirkland v. Astrue, 2008 WL 267429, at *8 (E.D.N.Y. Jan. 29, 2008).

Based on the foregoing the Court recommends remand for failure to properly evaluate the credibility of K.D.'s symptoms.

## V.    Conclusion

For the foregoing reasons, the Court finds that a remand is necessary and warranted. Accordingly, it is respectfully recommended that the Commissioner's decision denying disability benefits be REMANDED for further proceedings in accordance with this recommendation and pursuant to sentence four of 42 U.S.C. Section 405(g).

Respectfully submitted,

Victor E. Bianchini
United States Magistrate Judge


            Syracuse, New York
DATED:      September 10, 2010

12

**ORDER**

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.**

 *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985);   *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir.1989);   *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir.1988).

Let the Clerk send a copy of this Report and recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

Victor E. Bianchini
United States Magistrate Judge

DATED:      Syracuse, New York
            September 10, 2010